ORDERED.

Dated:  December 26, 2019

_____
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 8:19-bk-09306-CPM |
| | CHAPTER 7 |
| **David Paul Grasso** | |
| **aka David Grasso** | |
| **aka David P Grasso,** | |
| Debtor. | |
| _____/ | |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS CASE came on consideration for a hearing on December 17, 2019 at 9:30 AM on Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Secured Creditor") Motion for Relief from Stay (Docket No. 8) and Trustee's Response (Docket No. 12).  For the reasons stated orally on the record.  Accordingly, it is:

**ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's interest in the following property located at 14622 Bournemouth Road, Tampa, Florida 33626, in Hillsborough County, Florida, and legally described as:

    **Lot 2, Block 13, Highland Park Phase 1, as per plat thereof, recorded in Plat Book 96, Page 54, of the Public Records of Hillsborough County, Florida.**

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).

4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.

5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is GRANTED.

6. Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

7. This Court makes no determination that the Debtor has defaulted on the underlying obligation.

8. Secured Creditor shall not coordinate turnover of the property with the Debtor while the property remains property of the estate.

###

Attorney, Christopher P. Salamone, is directed to serve a copy of this order on interested parties that do not receive electronic service via CM/ECF and file a proof of service within 3 days of entry of the order.